UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

Case No.

BLUE RIDGE MOUNTAIN
RECOVERY CENTER, LLC,
a Georgia limited liability corporation,

        Plaintiff,

v.

CHEROKEE COUNTY,
a Georgia political subdivision,

        Defendant.
_____/

## **COMPLAINT**

Plaintiff, Blue Ridge Mountain Recovery Center, LLC ("Blue Ridge"), sues Cherokee County, Georgia (the "County") and alleges:

1. Plaintiff seeks damages and injunctive relief for discrimination in zoning on the basis of handicap or disability and asserts claims under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA"), as amended by the ADA Amendments Act of 2008, 42 U.S.C. §12102(4)(E)(i) (2009) ("ADAAA"), and the Fair Housing Act of 1968 ("FHA"), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §3601 *et seq.*  ("FHAA").

2. As alleged further below, Blue Ridge's future patients are considered people with disabilities under the ADA and are therefore a protected class.  Under the ADA, zoning laws that favor one class of persons with disabilities over other classes of persons with disabilities, or favor non-disabled persons over people with disabilities, are generally found to be discriminatory on their face.  Thus, it is unlawful for a local government to treat residential treatment programs for

1

people with substance abuse disabilities differently from other residential treatment programs for people with other disabilities or no disabilities.  In addition, a local government's refusal to make a reasonable accommodation from its zoning laws constitutes another form of discrimination under the ADA.

3.      The County violated the ADA and FHA by: (a) enacting or applying a zoning ordinance that favors people with certain disabilities or no disabilities by allowing their uses as permitted but disfavors people with other disabilities by imposing additional burdens; (b) denying Plaintiff's application to subdivide its property; and (c) denying a reasonable accommodation to treat the proposed use as a permitted use in the AG zone.

4.      Such illegal discrimination resulted, and continues to result, in both irreparable and pecuniary damage to Plaintiff and its patients.

**Jurisdiction and Venue**

5.      This action is brought pursuant to the ADA and FHA.

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1337, 1343(a) and 1391(b)(2), 29 U.S.C. §794(a), and 42 U.S.C. §12182(a).

7.      Venue lies in the Northern District of Georgia pursuant to 28 U.S.C. §1391.

**Parties**

8.      Plaintiff, Blue Ridge Mountain Recovery Center, LLC, is a Georgia limited liability corporation.

9.      Plaintiff is a subsidiary of Acadia Healthcare Co., a Delaware corporation, and one of the largest health care companies in the United States.

10.     Plaintiff sues on its own behalf and on behalf of its patients, who are qualified persons with disabilities.

11.     Plaintiff is a licensed substance abuse treatment provider that wants to open a new residential substance abuse treatment facility with 24 residents and necessary staff in the AG zone, on a separate parcel near its existing facility.

12.     Plaintiff is a residential treatment provider for persons with disabilities, or is otherwise associated with such treatment providers or persons with disabilities and, as such, is a person  "alleging discrimination on basis of disability" under the ADA, 42 U.S.C. §12133 and 28 C.F.R. §35.130(g), who has been injured by the County and State's discriminatory conduct and has suffered damages for lost or delayed profits, lost opportunity, frustration of mission, diminution of market share, and a loss of civil rights as a result of the County and State's conduct.

13.      Plaintiff has been licensed by the State of Georgia for more than four years, providing the highest level of substance abuse residential and treatment services at Howell Bridge Road in Ball Ground, Cherokee County, Georgia. It is accredited at the highest level by the Commission on Accreditation of Rehabilitation Facilities, commonly known as CARF.

14.     Plaintiff owns the property described above on Howell Bridge Road in Ball Ground, Georgia Cherokee County, Georgia (the "Property").

15.     Cherokee County is a Georgia political subdivision.  As such, it is and was acting under color of state law at all relevant times.

16.     The County exercises enforcement and interpretive authority over zoning ordinances and otherwise provides municipal services.

17.     The County is responsible for the acts of its agents and employees and for the enforcement of its zoning, building and property maintenance codes.  The County is a public entity under the ADA, 42 U.S.C. §§12131(1).

### Facts

18.     In 2011, Blue Ridge was issued development permits to operate a residential substance abuse treatment facility at the Property, housing approximately 50 residents in two primary structures.  The Property was at that time zoned in the general agriculture district "AG," which has not changed.

19.     In 2011, the Cherokee County Planning Department permitted the residential substance abuse facility, as that use was permitted in AG zoning districts.

20.     The Cherokee County Zoning Ordinance ("Zoning Ordinance") does not limit the number of unrelated people who can reside together in a residence located in the AG zoning district.

21.     In 2012, the Cherokee County Zoning Ordinance ("Zoning Ordinance") was amended to add the Permitted Uses Table (Table 7.2), which included a category for Residential Mental Health and Substance Abuse Facilities, which are allowed in AG zoning districts with restrictions. The restrictions effectively changed Blue Ridge's facility from a permitted use to a prohibited use in AG zoning districts. However, the AG zoning districts allow Child Caring Institutions, which provide residential treatment for up to 24 beds, as permitted uses.

22.     In 2014, Blue Ridge applied for permits to expand its facility to house an additional 24 residents.

4

23.     During the application process, Blue Ridge was told by the County's planning staff that residential substance abuse facilities were no longer permitted in AG zoning districts and suggested that Blue Ridge seek rezoning to a category in which such facilities would be permitted. The application for rezoning was denied by the Cherokee County Board of Commissioners.

24.     Jeff Watkins, the County's Planning Director, also ultimately denied the application for permits on the ground that Blue Ridge's residential substance abuse facility was no longer a permitted use in AG zoning after the 2012 amendment to the Zoning Ordinance. Therefore, he considered Blue Ridge's existing facility to be a legal, non-conforming use which could not be expanded.

25.     Blue Ridge appealed the Planning Director's denial to the Cherokee County Board of Commissioners on the grounds that the Planning Director was incorrectly interpreting the Zoning Ordinance. The Cherokee County Board of Commissioners upheld the denial in a written decision adopted on October 6, 2015.

26.     Blue Ridge unsuccessfully appealed the decision of the Cherokee County Board of Commissioners to the Cherokee County Superior Court. In its decision, the Cherokee County Superior Court found that the Planning Director had correctly interpreted the Zoning Ordinance to prohibit Blue Ridge's facility in AG zoning. It has thus been established as a matter of law that the Zoning Ordinance prohibits residential substance abuse facilities in AG zoning districts.

27.     In or about May, 2016, Blue Ridge applied to subdivide the Property, separating the developed parcel from the new undeveloped parcel. The County arbitrarily denied that application. Notably, the County appears to have no zoning provisions that require spacing between substance abuse treatment facilities

28.     On March 22, 2016, Blue Ridge made a written request for reasonable accommodation to the County that it be allowed, as to the new undeveloped parcel,

> to open a new residential substance abuse treatment facility with 24 residents and necessary staff in the AG zone, on a separate parcel near its existing facility. The new residential facility will have the outward appearance of a single family home, and off street parking will be provided. Blue Ridge hereby requests that you grant a reasonable accommodation administratively to treat the proposed use as a permitted use in the AG zone. The Cherokee County zoning ordinance allows, in the AG zone, Child Caring Institutions up to 24 beds. Blue Ridge's proposed use will be no more intensive than Child Caring Institutions, and therefore allowing it – just as Child Caring Institutions are allowed – is a reasonable way to accommodate the needs of the disabled residents that Blue Ridge serves.

Exhibit A.

29.     On April 13, 2016, the County requested additional information, which Blue Ridge immediately provided. Exhibit B.

30.     The County actually or constructively denied Blue Ridge's request for reasonable accommodation.

31.     Like the City of Boca Raton in *Jeffrey O. v. City of Boca Raton*, 511 F. Supp. 2d 1339 (S.D. Fla. 2007), the County appears to have no reasonable accommodation procedure for zoning matters.

32.     The County's acted with discriminatory intent when it enacted or applied a zoning ordinance that favors some people with disabilities by treating their uses as permitted but imposes additional burdens on people with other disabilities, when it denied Plaintiff's application to subdivide, and when it denied a reasonable accommodation to treat the proposed use as a permitted use in the AG zone.

33.     The County unlawfully discriminated against Plaintiff and its prospective patients by: (a) enacting or applying a zoning ordinance that favors people with certain disabilities or no

disabilities by allowing their uses as permitted but disfavors people with other disabilities by imposing additional burdens; (b) denying Plaintiff's application to subdivide its property; (c) denying a reasonable accommodation to treat the proposed use as a permitted use in the AG zone; and (d) failing to have a reasonable accommodation procedure for zoning.

## Damages

34.     As a result of Defendant's actions, Plaintiff has suffered damages, including frustration of mission, diversion of resources, and lost profits.

## Injunctive and Declaratory Relief

35.      As to Plaintiff's claims for declaratory relief, there is a bona fide dispute between the parties; Plaintiff has a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may depend; Plaintiff is in doubt as to the right, status, immunity, power or privilege; and there is a bona fide, actual, present need for the declaration.

36.      As to Plaintiff's claims for injunctive relief, Plaintiff will succeed on the merits; it will suffer irreparable injury unless the injunction issues; the threatened injury to Plaintiff and its patients outweighs whatever damage the proposed injunction may cause the opposing party; and, if issued, the injunction would not be adverse to the public interest.

## Statutory and Regulatory Framework

### *FHA*:

37.     In 1988, Congress amended the FHA, 42 U.S.C. §3601 *et seq*., to extend the guarantee of fair housing to handicapped individuals.  Congress also authorized the Secretary of

the United States Department of Housing and Urban Development to promulgate regulations to implement the FHA. 42 U.S.C. §3614a.

38.     Under the FHA, the term "handicap" means, with respect to a person, a "physical or mental impairment which substantially limits one or more of such person's major life activities, a record of such an impairment, or being regarded as having such an impairment." 42 U.S.C. §3602(h). The term "physical or mental impairment" includes "alcoholism" and "drug addiction (other than addiction caused by current, illegal use of a controlled substance)." 24 C.F.R. §100.201.

39.     Under the FHA, it is unlawful to discriminate against or otherwise make unavailable or deny a dwelling to any buyer or renter because of a handicap of that buyer, renter, or person residing in or intending to reside in that dwelling after it is sold, rented, or made available. 42 U.S.C. §3604(f)(1).

40.     The FHA further provides that it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of the handicap of that person or persons residing in or intending to reside in that dwelling after it is sold, rented, or made available. 42 U.S.C. §3604(f)(2).

41.     The federal regulations implementing the FHA specifically prohibit, as a discriminatory activity, providing municipal services differently because of handicap. 24 C.F.R. §100.70(d)(4).

42.     The federal regulations further make it unlawful, because of handicap, "to restrict or attempt to restrict the choices of a person by word or conduct in connection with seeking,

negotiating for, buying or renting a dwelling so as to . . . discourage or obstruct choices in a community, neighborhood or development."  24 C.F.R. §100.70(a).

**_ADA_:**

43.    Congress's stated broad goal in enacting the ADA was to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."  42 U.S.C. §12101(b)(1).

44.    The ADA requires that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.  42 U.S.C. §12132.

45.    Section 12132 constitutes a general prohibition against discrimination on the basis of disability by public entities.

46.    Zoning is an activity covered under Title II of the ADA.  In the preamble to the regulations implementing 42 U.S.C. §12132, the United States Department of Justice notes that "[T]itle II applies to anything a public entity does," 28 C.F.R. pt. 35, app. A at 438 (1998), and, in the Technical Assistance Manual compiled to interpret the ADA, expressly uses zoning as an example of a public entity's obligation to avoid discrimination.

47.    The federal regulations implementing the ADA prohibit a public entity from discriminating against a qualified individual with a disability by administering a licensing program in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability.  A public entity is further prohibited from establishing requirements for the programs

or activities of licensees that subject qualified individuals with disabilities to discrimination on the basis of disability.  35 C.F.R. §35.130(6).

48.     The federal regulations also make it unlawful for a public entity to make determinations about the site or location of a facility where such determinations have the purpose or effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination with respect to, those facilities. 35 C.F.R. §35.130(4)(i).

### Count I: Claims against the County under Title II of the ADA

49.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36 and 43 through 48 above as though fully set out herein.

50.     Plaintiff's prospective patients are qualified individuals with disabilities within the meaning of 42 U.S.C. §12101, and as amended by 42 U.S.C. §12102(4)(E)(i).

51.     The County is a qualifying public entity within the meaning of the ADA.  42 U.S.C. §12131(1)(A) (1999).

52.     The County's application of its zoning code to prevent use of the Center by Plaintiff's patients, and its denial of Plaintiff's reasonable accommodation request, constitute discrimination under Title II of the ADA.  These acts were taken with the intent to discriminate against, and had the effect of discriminating against, persons in recovery and those who provide services to them, namely Plaintiff and its prospective residents.

53.     As a result of the County's discriminatory reaction to the Plaintiff's proposed use and the illegal behavior that resulted from that reaction, Plaintiff has expended time and financial resources and has lost the opportunity to conduct its business and provide a much-needed service.

53.54.

### Count II: Claims against the County under the Fair Housing Act

54.55.  Plaintiff incorporates by reference paragraphs 1 through 42 above as though fully set out herein.

55.56.  The Property, and especially the family-style home described above in paragraph 28, constitutes a "dwelling" or "dwellings" within the meaning of the FHA.

56.57.  The County's application of the zoning code constitutes discrimination under the FHA.  The County has effectively made housing unavailable to Plaintiff's prospective residents. These acts were undertaken with the intent to discriminate against, and had the effect of discriminating against, persons in recovery, persons with mental and other disabilities, and those who provide services to them, namely Plaintiff and its prospective residents.

57.58.  As a result of the County's discriminatory reaction to the Plaintiff's proposed use and the illegal behavior that resulted from that reaction, Plaintiff has expended time and financial resources and has lost the opportunity to conduct its business and provide a much-needed service.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court award it the following relief:

A.     Find and declare that the County's denial of Plaintiff's application to subdivide and its refusal to grant reasonable accommodation requests violate the ADA and FHA.

B.     Find and declare that the Zoning Ordinance is facially invalid under the ADA and FHA.

C.     Issue a preliminary and permanent injunction enjoining the County from enforcing the Zoning Ordinance, order the County to, promptly and without delay, approve Plaintiff's

application to subdivide under the current zoning structure, and grant Plaintiff a reasonable accommodation.

        D.     Award Plaintiff damages for the harm it experienced as a result of the County's and State's discriminatory laws or practices.

        E.     Award Plaintiff reasonable attorney fees and costs.

        F.     Award such other relief as this Court may deem appropriate.

Dated this 20th day of October, 2016.

        Respectfully submitted,

        Dyer & Rusbridge, P.C.
        /s/ Robert M. Dyer
        Georgia Bar No. 236880
        S. Jeffrey Rusbridge
        Georgia Bar No. 619533
        291 E. Main St.
        Canton, GA 30114
        (770) 479-7418

        James K. Green, Esq.
        (*pro hac vice*
        application pending)
        JAMES K. GREEN, P.A.
        Suite 1650, Esperantè
        222 Lakeview Ave.
        West Palm Beach, FL 33401
        (561) 659-2029
        Florida Bar No: 229466

        ***ATTORNEYS FOR PLAINTIFF***